OPINION.
{¶ 1} Alan Smith is appealing from the following decision and judgment by the trial court, the Hon. Denise L. Cross, which is set forth in full hereinafter for purposes of clarification of the entire matter.
 {¶ 2} "This matter is before the court upon objections, filed by both parties, to the Magistrate Decision and Permanent Order (`MDPO') filed February 12, 2002. Respondent, Alan Smith, filed his objection on February 26, 2002. Movant, Karen Marie Smith (Anderson), filed her objection on March 8, 2002. Respondent filed his response on March 12, 2002. A transcript of the proceedings is unavailable as defined by Mont. D.R. Rule 4.45(C). Neither party filed a statement of evidence as provided for in the local rule. This matter is now ready for decision and judgment pursuant to Civ.R. 53 and Mont. D.R. Rule 4.44.
 {¶ 3} "The parties were granted a Final Decree of Dissolution on July 12, 1984. One child was born as issue of the marriage: Melissa Kristine Smith, born November 24, 1981. Pursuant to paragraph 21 of the Final Decree, Respondent was ordered to pay half of child's day care expenses and half of her college expenses conditioned on his approval of the college.
 {¶ 4} "On October 19, 2000, Movant filed her motion to show cause for failure to comply with the requirements of paragraph 21. A hearing was held December 19, 2000. Both parties and their counsel were present. Both parties submitted post-hearing memoranda on the legal issues involved. The MDPO filed March 9, 2001 and amended March 26, 2001 ordered Respondent to pay Movant $7,730.00 as past due day care expenses. The order provided Respondent the opportunity to discharge that debt by payment of the child's college expenses in an amount not to exceed $7,730.00.
 {¶ 5} "On November 5, 2001, Movant filed her motion for contempt for failure to comply with the court's order of March 9, 2001 and amended order of March 26, 2001. A hearing was held January 15, 2002. Both parties and their respective legal counsel were present.
 {¶ 6} "The Magistrate's decision ordered Respondent to pay Movant $7,730.50 at the rate of $250 per month until paid in full. Respondent would receive credit for tuition payment made from a Florida Tuition Fund previously established.
 {¶ 7} "Movant objects that the order provides Respondent thirty-one months to pay the debt. She argues that Respondent should have been ordered to pay the monies in one lump sum. In the alternative, she requests interest on the judgment at the statutory rate of 10% per annum from the date of the March 9, 2001 Decision.
 {¶ 8} "Respondent objects to the order because he never approved of the choice of college as provided for in the decree. He further objects that the matter had been previously decided. Therefore, the doctrine of res judicata precludes the issuance of any other order.
 {¶ 9} "The court has conducted a thorough and independent review of the evidence submitted in the matter. Based upon that independent review, the court made the following findings of fact and conclusions of law.
 {¶ 10} "Paragraph 21 of the Decree of Dissolution of Marriage reads as follows:
 {¶ 11} "The Husband shall be responsible for the payment of one-half (½) of all expenses of education for the minor child, including daycare, tuition, room, board, and books, through college and graduate school for said child, and shall hold the Wife harmless for any obligation thereon, provided, however, that the institution meets with the approval of the Husband.
 {¶ 12} "The Court finds, based upon the plain language of the Decree of Dissolution, that Respondent is responsible for one-half of the accumulated day-care expenses for the then minor child plus one-half of the child's college expenses. Pursuant to the holding in Tapp v. Tapp
(1995), 105 Ohio App.3d 159, a parent has the duty to act reasonably and in good faith when approving or disapproving a child's choice of schools.
 {¶ 13} "The Court finds that the child had been residing primarily in Ohio while the Respondent resided in Florida. The child only applied to colleges in or near Ohio to be near her friends and family. The colleges the child selected, Bowling Green University and Wright State University, are highly accredited universities. The Court finds that Respondent established a Florida Tuition Credit account for the child's college education when he first moved to Florida in 1984. The monies in that fund could be used for out-of-state tuition expenses. The Court finds that it would be unreasonable to require the child to attend a college in Florida.
 {¶ 14} "The Court has reviewed the entire record in this matter. Approximately $7,000 in the Florida Tuition Credit account could be applied to the child's out-of-state education expenses. The Court finds that the total college expenses for the child were $10,441.07. Therefore, Respondent is responsible for one-half that amount or $5,220.50. The record of her college expenses reflects that $1,543.00 was paid from the Florida Tuition Credit account. The Court finds that Respondent is responsible for $3,677.50 ($5,220.50 — $1,543.00).
 {¶ 15} "The record reflects that Movant spent a total of $15,461.00 in day care expenses during the child's formative years. In 1986, she filed a motion for contempt for failure to pay the day care expenses. Service on Respondent was not perfected resulting in the court dismissing that motion. The Court finds that Respondent is responsible for one-half of the day care expenses. Respondent shall therefore pay Movant the sum of $7,730.50 as and for past due day care expenses. This obligation shall be paid to Movant at a rate of $250.00 per month, beginning the first day of the first month after the filing of this order, until paid in full.
 {¶ 16} "Respondent objects to the Magistrate's decision on the grounds that the child did not attend a college and if she did attend a college, the Respondent had not approved attendance at that college as required by paragraph 21 of the Decree of Dissolution. The Court finds, based upon the record, that the child attended both Bowling Green University and Wright State University. The record reflects that she is not now attending college but that does not relieve Respondent of his obligation to pay one-half of the college expenses for the period she did attend college. The Court further finds, pursuant to the holding in Tappv. Tapp (1995), 105 Ohio App.3d 159, that it was unreasonable to deny attendance at a fully accredited college in the home state of the child. Respondent's objection is without merit and overruled.
 {¶ 17} "Respondent further objects that the doctrine of res judicata prohibits the Court from issuing an order in this matter. The Court is exercising its enforcement powers in this matter. The matter before the Court pertains to Movant's motion for contempt for failure to comply with the terms of the Decree of Dissolution. Respondent's reliance on the doctrine of res judicata as grounds for an objection is misplaced. Respondent's objection is without merit and overruled.
 {¶ 18} "IT IS THEREFORE ORDERED THAT:
 {¶ 19} "1. Movant's objection to the Magistrate Decision and Permanent Order filed February 12, 2002 overruled in part and sustained in part as delineated below.
 {¶ 20} "2. Respondent's objection to the Magistrate Decision and Permanent Order filed February 12, 2002 is without merit and is overruled.
 {¶ 21} "3. The Magistrate Decision and Permanent Order filed February 12, 2002 is amended, for purposes of clarity, as follows:
 {¶ 22} "a. Respondent shall pay Movant the sum of $3,677.50 which represents his one-half share of the college expenses for the child. Said sum should be paid from the funds in the Florida Tuition Credit account. Movant shall cooperate with Respondent and provide him with the necessary documentations, if any, to affect the release of these monies from the Florida Tuition Credit account.
 {¶ 23} "b. Respondent shall contact the Florida Tuition Credit account institution within 30 days of the filing of this order to request the transfer of funds.
 {¶ 24} "c. Failure to obtain a release of the funds from the Florida Tuition Credit account does not relieve Respondent of the obligation to pay Movant $3,677.50. Respondent is then ordered to pay Movant $250 per month, beginning the first day of the first month after denial by the Florida Tuition Credit account to transfer the funds, until paid in full.
 {¶ 25} "d. Respondent shall pay Movant the sum of $7,730.50 which represents his one-half share of the day care expenses for the then minor child. Respondent is ordered to pay Movant $250 per month, beginning the first day of the first month after the filing of this order, until paid in full.
 {¶ 26} "e. The aforementioned payments may be made directly to Movant. Respondent must provide an independent record of such payments, such as electronic funds transfer, automatic funds withdrawal or other method as approved by the court pursuant to Mont. D.R. Rule 4.24(B)(3).
 {¶ 27} "f. The motion for contempt and attorney fees is overruled.
 {¶ 28} "It is further ordered by the court that parties shallshare equally the court costs for this action. Said amount shall be remitted forthwith upon receiving an invoice from Montgomery County Clerk of Courts.
 {¶ 29} "It is so ordered."
 {¶ 30} On appeal, Alan[1] presents us with the following three assignments of error:
 {¶ 31} "1. The trial court erred when it ruled against the fact that appellant did not grant approval for the institutions as stipulated in paragraph 21 of the final divorce decree.
 {¶ 32} "2. The trial court erred in deciding upon the amount of arreage [sic] at trial and not abiding by the doctrine of res judicata.
 {¶ 33} "3. The trial court erred when it's December 13, 2002 decision and permanent order was contrary to it's February 12, 2002 decision and permanent order because there were no new facts presented to the court."
 {¶ 34} The second and third assignments of error raise essentially the same issue, and the court addressed that issue as well as the first assignment issue in its decision and entry.
 {¶ 35} There were two separate hearings in this case as noted by the trial court in its decision. A hearing was held on December 19, 2000, upon Karen's motion to show cause for failure of Alan to comply with the requirements of the above-quoted paragraph 21 of the dissolution decree. A later hearing was held on January 15, 2002, on essentially the same issue. As the court noted, both parties with counsel for each were present at both hearings. The problem the appellant has on this appeal is that he did not present to this court as part of the record a transcript of either of these hearings, although there is some evidence that at some point Alan's counsel did request a transcript. Without transcripts, this court has no ability to evaluate the trial court's decision and judgment in this matter. The Supreme Court of Ohio has held that: "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record . . . when portions of the transcript necessary for the resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. This court has recently reaffirmed its adherence to the rule of Knapp and affirmed a judgment where no transcript was presented. See In the Matter of the Estate ofJoey Weiner, Deceased, Montgomery App. No. 19533 and 19564,2003-Ohio-3408.
 {¶ 36} As in the Weiner case, we find that there is nothing before us to counter the presumption of the validity of the decisions made by the trial court, as quoted above. The first assignment of error is, therefore, overruled.
 {¶ 37} As to assignments II and III, we agree with the trial court that the February 12, 2002, decision of the magistrate does not bind the trial court via res judicata, and, in fact, the trial court in its decision of December 13, 2002, (quoted above) was addressing the objections filed by both parties to the magistrate's decision. The trial court merely restated the magistrate's findings as to the arrearages owed by the respondent and entered its order to enforce same, albeit amending it somewhat for purposes of clarity.
 {¶ 38} The second and third assignments are overruled, and the judgment is affirmed.
WOLFF, J. and GRADY, J., concur.
[1] The parties will hereinafter be referred to by their first names for the purpose of clarity.